LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

MARIA CASTRO and MARIO DEL VALLE MARTINEZ,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

        Plaintiffs,

        v.

HYPER STRUCTURE CORP.
   d/b/a HYPER STRUCTURE,
SAHEL KHAN, CHARLES TOLIVER,
and MOHAMMAD RAHMAN,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiffs MARIA CASTRO ("Plaintiff CASTRO" or "Plaintiff") and MARIO DEL VALLE MARTINEZ ("Plaintiff MARTINEZ" or "Plaintiff) on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants HYPER STRUCTURE CORP. d/b/a HYPERSTRUCTURE ("Corporate Defendant"), SAHEL KHAN, CHARLES TOLIVER, and MOHAMMAD RAHMAN (collectively, "Individual Defendants"; and, together with Corporate Defendant, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary, (2) unpaid wages due to time-shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to fixed salary, (2) unpaid wages due to time-shaving, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3. Plaintiffs additionally allege for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."  26 U.S.C. § 7434(d).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff CASTRO is a resident of Queens County, New York.

8. Plaintiff MARTINEZ is a resident of Kings County, New York.

9. Corporate Defendant HYPER STRUCTURE CORP. d/b/a HYPER STRUCTURE is a domestic business corporation organized under the laws of New York, with a principal place of business located at 74 Pennsylvania Avenue, Suite 2, Brooklyn, New York 11207, and an address for service of process located at c/o Mohammad Rahman, 1562 Pacific Street, Brooklyn, New York 11213.

10. Individual Defendant SAHEL KHAN is a principal of Corporate Defendant. Defendant SAHEL KHAN exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. SAHEL KHAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to SAHEL KHAN directly regarding any of the terms of their employment, and SAHEL KHAN had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11. Individual Defendant CHARLES TOLIVER is a principal of Corporate Defendant. Defendant CHARLES TOLIVER exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. CHARLES TOLIVER exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective

Plaintiffs and the Class. At all times, employees could complain to CHARLES TOLIVER directly regarding any of the terms of their employment, and CHARLES TOLIVER had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12. Individual Defendant MOHAMMAD RAHMAN is the owner of Corporate Defendant. Defendant MOHAMMAD RAHMAN exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. MOHAMMAD RAHMAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to MOHAMMAD RAHMAN directly regarding any of the terms of their employment, and MOHAMMAD RAHMAN had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

13. At all relevant times, Defendants have owned and operated Corporate Defendant as a general contractor in the construction industry. Attached hereto as **Exhibit A (Hyper Structure LinkedIn Webpage)** is a screenshot of Corporate Defendant's LinkedIn webpage reflecting the same. Defendants further represent themselves as a "multidisciplinary construction studio" on their webpage located at http://www.hscny.com/studio-3/. Attached hereto as **Exhibit B (Hyper Structure Webpage)** is a screenshot describing the same.

14. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, (including but not limited to construction workers, flag people, foremen, demolishers, laborers, carpenters, painters, and electricians) employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules of failing to pay proper wages, including overtime compensation for all hours worked due to Defendants' policy of time-shaving and a fixed salary. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees, (including but not limited to construction workers, flag people, foremen, demolishers, laborers, carpenters, painters, and electricians) employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

20. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

21. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay proper wages, including overtime, due to a fixed salary (ii) failing to pay proper wages due to time-shaving, (iii) failing to pay spread of hours premium, (iv) failing to provide wage statements in compliance with NYLL, and (v) failing to provide wage

and hour notices upon hiring and as required thereafter, pursuant to NYLL. All the Class members were also subject to the same corporate practices of Defendants, namely, filing fraudulent tax information regarding their employment to the IRS.

23. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would

result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class members within the meaning of NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and the Class members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work;

8

d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiffs and Class members the proper wages for all hours worked;

f) Whether Defendants caused time-shaving by paying Plaintiffs and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g) Whether Defendants paid Plaintiffs and Class members their spread of hours premium for days worked in excess of ten (10) hours per workday;

h) Whether Defendants failed to withhold taxes from the wages of Plaintiffs and the Class;

i) Whether Defendants provided Plaintiffs and the Class with accurate tax statements for each tax year that they worked;

j) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

k) Whether Defendants provided proper wage statements for each pay period to Plaintiffs and Class members, and whether those wage statements properly stated Plaintiffs' overtime compensation and spread of hours in accordance with NYLL.

## STATEMENT OF FACTS

**PLAINTIFF MARIA CASTRO:**

28. In or around February 2019, Plaintiff CASTRO was hired by Defendants to work as a flag person at a construction site located at 138-28 Queens Boulevard, Jamaica, New York, 11435 (the "Construction Site"). Plaintiff CASTRO's employment with Defendants was terminated in or around December 2019.

29. Throughout her employment with Defendants, Plaintiff CASTRO was scheduled to work five (5) days a week, from 7:30 a.m. to 3:00 p.m., for approximately thirty-seven and a half (37.5) hours per week. However, approximately three (3) days each week, when concrete was delivered to the Construction Site, Defendants required Plaintiff CASTRO to stay back and perform off-the-clock work until 7:00 p.m. As a result, Plaintiff CASTRO worked approximately twelve (12) hours off-the-clock.

30. At all relevant times, Defendants compensated Plaintiff CASTRO in cash on a fixed salary basis, regardless of her actual hours worked, and there was never any understanding that the fixed salary was intended to cover any overtime hours over forty (40) hours worked by Plaintiff CASTRO.

31. Although they represented to her upon the time of her hiring that she would be compensated at a rate of one-hundred fifty dollars ($150) per workday, Plaintiff CASTRO was instead paid a fixed salary of four-hundred dollars ($400) per week. In or around December 2019, Defendants began compensating Plaintiff CASTRO in the amount of three-hundred dollars ($300) each week. For the final two (2) weeks of her employment, Plaintiff CASTRO did not receive any compensation.

32. At all relevant times, Plaintiff CASTRO did not receive any overtime compensation, despite working over forty (40) hours. FLSA Collective Plaintiffs and Class members similarly did not receive any overtime compensation.

33. During the last month of Plaintiff CASTRO's employment, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff CASTRO, FLSA Collective Plaintiffs and Class Members the proper minimum wage due to a fixed salary.

34. Throughout her employment, when Plaintiff CASTRO worked in excess of ten (10) hours in a workday, she was not compensated her spread of hours premium. Class members similarly did not receive their spread of hours premium for workdays that exceeded ten (10) hours in length.

**PLAINTIFF MARIO DEL VALLE MARTINEZ:**

35. In or around October 2019, Plaintiff MARTINEZ was hired by Defendants to work as a foreman at the Construction Site located at 138-28 Queens Boulevard, Jamaica, New York, 11435. Plaintiff MARTINEZ's employment with Defendants was terminated in or around March 2020.

36. Throughout his employment with Defendants, Plaintiff MARTINEZ was scheduled to work five (5) days a week, from 6:30 a.m. to 4:30 p.m., for approximately fifty (50) hours per week. However, when concrete was delivered to the Construction Site approximately three (3) days each week, Defendants required Plaintiff MARTINEZ to perform off-the-clock work until 7:00 p.m. As a result, Plaintiff MARTINEZ worked approximately seven and a half (7.5) hours off-the-clock.

37. At all relevant times, Defendants compensated Plaintiff MARTINEZ on a fixed salary basis in cash, regardless of actual hours worked. From the start of his employment until

11

January 2020, Plaintiff MARTINEZ was compensated at a rate of one thousand eight-hundred dollars ($1800) per workweek. Starting in January 2020, Defendants compensated Plaintiff MARTINEZ at a rate of one thousand dollars ($1000) per week. From January 2020 until end of his employment in March 2020, Defendants failed to pay Plaintiff MARTINEZ his proper fixed salary, amounting to Defendants owing Plaintiff MARTINEZ eight thousand five-hundred dollars ($8500).

38. At all relevant times, Plaintiff MARTINEZ did not receive any overtime compensation, despite working over forty (40) hours per week. FLSA Collective Plaintiffs and Class members similarly did not receive any overtime compensation.

39. Throughout his employment, Plaintiff MARTINEZ worked in excess of ten (10) hours every workday, but he was not compensated his spread of hours premium. Class members similarly did not receive their spread of hours premium for workdays that exceeded ten (10) hours in length.

40. At all relevant times, Plaintiffs were paid a fixed weekly salary, regardless of how many hours they worked each workweek. However, there was never any agreement that Plaintiffs fixed weekly salary was intended to cover the overtime hours in excess of forty (40) hours that they worked. FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis and were not compensated their overtime premium of time and a half for all hours worked over forty (40) hours, even though there was never any agreement that their fixed salaries would cover overtime.

41. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members were not properly compensated for all hours worked, due to Defendant's policy of time-shaving. Defendants did not compensate Plaintiffs, FLSA Collective Plaintiffs and Class member for off-

the-clock work that they did on the days concreate was delivered. For approximately three (3) days per week when concrete was delivered to the Construction Site, Plaintiffs, FLSA Collective Plaintiffs and Class members stay until past their scheduled shifts.

42. Throughout his employment, Plaintiff MARTINEZ worked in excess of ten (10) hours every workday, but he was not compensated his spread of hours premium. Plaintiff CASTRO worked in excess of ten (10) hours three days per week when concrete was delivered. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) hours per day and were not compensated their spread of hours premium.

43. Plaintiffs and Class members would be paid in cash and were not given proper wage statements when they received pay.

44. As a result of Defendants paying Plaintiffs and Class members in cash, Defendants failed to withhold any of Plaintiffs' and Class members' wages for tax purposes.

45. Defendants further failed to provide Plaintiffs and Class members with accurate W-2 tax statements for each tax year during which they worked.

46. Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiffs' and Class members' earnings and to provide Plaintiffs and Class members with accurate W-2 tax statements for each tax year during which Plaintiffs and Class members worked.

47. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs, and Class members their lawful wages.

48. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate for hours worked in excess of forty (40) hours in each workweek due to a fixed salary and time-shaving, to Plaintiff, FLSA Collective Plaintiffs and Class members.

49. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiffs and Class members, in violation of the NYLL.

50. Defendants had a legal obligation to file accurate tax statements with the IRS.

51. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

53. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

54. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

55. Plaintiffs reallege and reaver Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

58. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

59. At all relevant times, Defendants engaged in a policy and practice of refusing to pay proper wages, including overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for all of their hours worked in excess of forty (40) hours per workweek, due to a fixed salary and time-shaving.

60. At all relevant times, Defendants engaged in a policy of refusing to pay the statutory minimum wage to Plaintiff CASTRO and FLSA Collective Plaintiffs due to a fixed salary.

61. Records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiffs and FLSA Collective Plaintiffs for every hour they worked, including regular hours and overtime hours.

63. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

64. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (*i.e,*, double) damages pursuant to the FLSA.

65. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to fixed salary, unpaid wages due to time-shaving, and an equal amount as liquidated damages.

66. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

67. Plaintiffs reallege and reaver Paragraphs 1 through 66 of this Class and Collective Action Complaint as if fully set forth herein.

68. At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

69. At all relevant times, Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them their proper wages, including overtime compensation at the rate of not less than one- and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, due to a fixed salary and time-shaving.

70. At all relevant times, Defendants engaged in a policy of time-shaving and refused to compensate Plaintiffs and Class members for all of their hours that they actually worked each week.

71. Defendants willfully violated Plaintiff CASTRO's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked due to a fixed salary.

16

72. At all relevant times, Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay "spread of hours" premiums to them for each workday that exceeded ten (10) or more hours.

73. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of NYLL.

74. Defendants knowingly and willfully failed to provide Plaintiffs and Class members with proper wage and hour notices as required under the NYLL.

75. Defendants knowingly and willfully failed to provide Plaintiffs and Class members with proper wage statements as required under NYLL.

76. Due to the Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages, including overtime, due to fixed salary, unpaid wages due to time-shaving, unpaid spread of hours spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

77. Plaintiffs reallege and reaver Paragraphs 1 through 76 of this Class and Collective Action Complaint as if fully set forth herein.

78. By failing to provide Plaintiffs, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiffs, FLSA Collective Plaintiff and Class members as compensation for all of the work Plaintiffs, FLSA Collective Plaintiff and Class members performed during the course of their employment with

Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

79. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to a fixed salary and time-shaving due under the FLSA and the NYLL;

d. An award of unpaid spread of hours premiums due under the NYLL;

e. An award of statutory damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

f. Cost attributable to resolving deficiencies;

g. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

h. That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

i. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) hours per workweek, pursuant to 29 U.S.C. § 216;

k. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for off-the-clock work, including overtime hours, pursuant to the NYLL;

l. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

m. Designation of Plaintiffs as Representatives of FLSA Collective Plaintiffs;

n. Designation of this action as a class action pursuant to FRCP 23;

o. Designation of Plaintiffs as Representatives of the Class; and

p. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 16, 2021

          Respectfully submitted,

          By: */s/ C.K. Lee*
                C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*